UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GABRIEL LEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-1376-DFH-JMS |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

ENTRY ORDERING REMAND

Plaintiff Gabriel Leach alleges that two prisoners beat him badly while he was also a prisoner in a state prison operated by a private contractor. In state court, plaintiff sued the State of Indiana, the private contractor, the two other prisoners, and two correctional officers for damages. The private contractor and the two correctional officers removed this case from state court after plaintiff amended his complaint to add allegations that the two correctional officers acted knowingly or with willful disregard for plaintiff's safety. Defendants contend in their removal papers that allegations of intentional or malicious conduct amount to allegations of violations of the Eighth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983, so that the case arises under federal law.

The problem is that plaintiff's amended complaint does not mention federal law anywhere. The plaintiff is the master of his complaint. If he chooses to rely solely on state law, he may do so even if his allegations might also support a claim for relief under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976) (a plaintiff may "defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction" ); cf. *Davis v. Rodriguez* , 106 F.3d 206, 208 (7th Cir. 1997) (removal proper where complaint expressly alleged violation of rights under United States Constitution). Defendants have shown convincingly that if plaintiff can prove his factual allegations, he could be entitled to relief under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983, if he sought it. He has not sought relief under federal law, however, and his response to the removing defendants' response to this court's order to show cause why the case should not be remanded shows clearly that he does not seek relief under federal law.

In response to the court's order to show cause, defendants have attempted to justify the removal by invoking the "artful pleading" gloss on the well-pleaded complaint principle. The reliance is misplaced, as the defendants' best case illustrates. In *Pure Milk Products Co-operative v. National Farmers Organization*, 332 F. Supp. 866 (E.D. Wis. 1971), plaintiffs were farm cooperatives who sought an injunction against defendants from interfering with milk marketing contracts between the cooperatives and their members. The complaint alleged what

amounted to a state law claim for tortious interference with contracts.  Far from supporting defendants' removal in this case, the district court remanded that case to the state courts because the claim arose under state law.  In *Pure Milk Products Co-operative*, the defendants could at least offer as a defense of their removal a theory that federal law preempted the state law claim, though it has long been clear that a preemption defense ordinarily does not transform a state law claim into one arising under federal law.  See *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908).  The district court in *Pure Milk Products Co-operative* was obviously correct in remanding the case because the federal preemption defense did not create federal question jurisdiction.  332 F. Supp. at 868.

The artful pleading gloss stems from the core area of law — collective bargaining agreements governed by federal law — where federal law has been deemed to have supplanted state law so thoroughly that any claim for breach of such a contract is deemed to arise under federal law.  See generally *Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22-24 (1983) (discussing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557 (1968), and *Textile Workers v. Lincoln Mills*, 353 U.S. 448 (1957).  The Supreme Court has extended this concept of "field preemption" to the Employee Retirement Income Security Act based on legislative history indicating the Congress intended precisely that result.  See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-66 (1987).  More recently, in *Beneficial National Bank*, the

Supreme Court extended field preemption to claims against national banks for charging excessive interest and noted that field preemption also applies to tort actions arising out of nuclear accidents. 539 U.S. at 6-8. *Beneficial National Bank* reflects the outer bounds of field preemption.

Defendants have not cited, and the court is not aware of, any cases taking the extraordinary step of extending the field preemption doctrine to the Eighth Amendment and the treatment and protection of prisoners. The Supreme Court and Seventh Circuit have repeatedly explained that the Eighth Amendment does not reach negligent conduct, for example, leaving such matters to state tort law. *E.g., Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Snipes v. DeTella*, 95 F.3d 586, 590-91 (7th Cir. 1996); see also *Hudson v. McMillian*, 503 U.S. 1, 28-29 & n.5 (1992) (Thomas, J., dissenting) (noting that state law remedies were available to prisoner who alleged that prison guards deliberately beat him but did not cause "serious" injury). That principle, which is a major foundation of Eighth Amendment jurisprudence, cannot be reconciled with defendants' attempt to invoke "artful pleading" and field preemption to justify their removal.

Under 28 U.S.C. § 1447(c), an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. In *Martin v. Franklin Capital Corp.*, the Supreme Court held that in the absence of unusual circumstances, district courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable

basis for removal. 546 U.S. 132, 141 (2005). The removal in this case lacked an objectively reasonable basis. The reasons for the remand are well established principles of federal jurisdiction. Defendants have offered no meaningful support for their removal and their suggestion of artful pleading. A modest attorney fee award is in order under § 1447(c). Because the remand is coming here quickly and without major efforts by plaintiff's counsel, and because the court hopes to avoid a significant dispute over the amount of the fee award, the court estimates that a fee of $1,000 would be reasonable for plaintiff's counsel's efforts seeking remand. Defendants The Geo Group, Inc., Lieutenant Adkins, and Officer Williams shall either (1) pay jointly the sum of $1,000 to plaintiff's attorneys within fourteen days of this entry, or (2) if these defendants object and seek a further hearing on the issue of fees, file a motion to reconsider with or without a request for an evidentiary hearing.

So ordered.

Date: November 30, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Merritt Keelty Alcorn
ECKERT ALCORN GOERING & SAGE
alcorn@eaglaw.com

Eric James Beaver
Indiana State Attorney General
eric.beaver@atg.in.gov

R. Patrick Magrath
ECKERT ALCORN GOERING & SAGE
magrath@eaglaw.com

Paul Owen Mullin
LEWIS & WILKINS P.C.
paul.mullin@jlaw-firm.com

Thomas D. Quigley
Indiana State Attorney General
thomas.quigley@atg.in.gov

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Ian T. Ramsey
STITES & HARBISON PLLC
iramsey@stites.com